UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THEATRICAL STAGE EMPLOYEES UNION, LOCAL NO. 2, a labor organization; and CRAIG CARLSON, as Trustee on behalf of STAGEHANDS UNION LOCAL NO. 2 PENSION PLAN, STAGEHANDS UNION LOCAL TWO HEALTH AND WELFARE FUND, STAGEHANDS LOCAL UNION NO. 2 ANNUITY TRUST, and STAGEHANDS LOCAL UNION NO. TWO JOURNEYMEN & APPRENTICE TRAINING FUND.<br><br>Plaintiffs,<br>v.<br><br>CHICAGO SCENIC STUDIOS, INC.,<br><br>Defendant. | Case No. 1:25-cv-07352 |

## COMPLAINT

1. This is an action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), as amended, for breach of contract and to collect delinquent employee benefit fund contributions and union dues.

### Jurisdiction and Venue

2. The Court has subject matter jurisdiction over this matter pursuant to Section 301(c) of the LMRA, 29 U.S.C. § 185(c), and Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. §§ 1331 and 1367(a).

3. Venue is proper in this judicial district pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b) and (c), because all Plaintiffs and Defendants are domiciled within this judicial

district, and because a substantial portion of the events complained of herein occurred within in this judicial district.

## Parties

4. Plaintiff Theatrical Stage Employees Union Local No. 2 of the International Alliance of Theatrical Stage Employees and Moving Picture Technicians, Artists and Allied Crafts of the United States and Canada (the "Union"), is a labor organization representing employees in an industry affecting commerce as defined by Section 301(a) of the LMRA, 29 U.S.C. § 185(a); 29 U.S.C. § 152(5).

5. Plaintiffs Stagehands Union Local No. 2 Pension Plan (the "Pension Fund"), Stagehands Union Local Two Health and Welfare Fund (the "Health & Welfare Fund"), Stagehands Local Union No. 2 Annuity Trust (the "Annuity Fund"), and Stagehands Local Union No. Two Journeyman & Apprentice Training Fund (the "JATF") (collectively, the "Funds") are employee benefit plans within the meaning of Section 3 of ERISA, 29 U.S.C. § 1002(3).

6. Plaintiff Craig Carlson ("Carlson") is a Trustee and a fiduciary of the Funds as that term is defined in ERISA. Carlson is authorized to commence a civil action to enforce the obligations that ERISA imposes upon employers.

7. Defendant Chicago Scenic Studios, Inc. ("Chicago Scenic") is an Illinois corporation. At all relevant times, Chicago Scenic has been engaged in business in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

8. Chicago Scenic is and at all material times has been an "employer" as that term is defined in Section 2(2) of the LMRA, 29 U.S.C. § 152(2), and Section 3(5) of ERISA, 29 U.S.C.

§§ 1002(5), and a "party-in-interest" as that term is defined in Section 3(14)(C) of ERISA, 29 U.S.C. § 1002(14)(C).

## COUNT I
### For Breach of Contract and Delinquent Contributions

9. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

10. At all relevant times, the Union and Chicago Scenic have been parties to a series of collective bargaining agreements ("CBA"), the most recent of which is effective May 1, 2023, through April 30, 2028.

11. The Funds are third-party beneficiaries of the CBA.

12. The CBA and the trust agreements creating the Funds ("Trust Agreements") require Chicago Scenic to timely remit contributions to the Funds for work performed by covered employees.

13. The CBA further requires Chicago Scenic to withhold dues and assessments from covered employees' wages and to remit such amounts to the Union.

14. During the period of at least June 2024 through the present ("Delinquent Period"), Chicago Scenic has failed and refused to remit contributions, dues, and assessments to the Union and Funds in accordance with the terms of the CBA.

15. Pursuant to the CBA, the LMRA, and Sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, Chicago Scenic is liable to the Funds and the Union for all delinquent contributions, dues, and assessments owed for the Delinquent Period; any subsequent contributions, dues, or assessments that become delinquent or are discovered while this action is pending; interest on all delinquent contributions; liquidated damages in an amount equal to the greater of the interest on any delinquent contributions or twenty percent (20%) of the delinquent

contributions; and the reasonable attorneys' fees and costs incurred by Plaintiffs in pursuing this action.

WHEREFORE, Plaintiffs request that this Court grant the following relief:

A. Enter judgment in Plaintiffs' favor and against Defendant Chicago Scenic for:

  i) All delinquent contributions, dues, and assessments owed to the Funds and Union;

  ii) Interest on the delinquent contributions to the Funds;

  iii) Liquidated damages in an amount equal to the greater of the interest on the delinquent contributions owed to the Funds or twenty percent (20%) of the delinquent contributions; and

  iv) Reasonable attorneys' fees and costs incurred by Plaintiffs in connection with this action.

B. Retain jurisdiction of this cause pending compliance with its orders.

C. Grant such further or different relief as this Court may deem proper and just.

Dated: June 30, 2025

Respectfully submitted,

THEATRICAL STAGE EMPLOYEES UNION, LOCAL NO. 2, et al.

By: /s/ Brandon Anderson
One of their attorneys

Brandon Anderson (banderson@jbosh.com)
Charles P. Burns (cburns@jbosh.com)
Jacobs, Burns, Orlove & Hernandez LLP
1 N. LaSalle St., Ste. 1620
Chicago, Illinois 60602
(312) 372-1646